# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| Mark McGriff, Board of Trustees Chairman, and William Nix, Board of Trustees Secretary, on behalf of INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND; | ) ) ) ) ) |
| Mark McGriff, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; | ) ) ) ) ) ) ) |
| Mark McGriff, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; | ) ) ) ) ) |
| Mark McGriff, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS APPRENTICESHIP AND TRAINING FUND; | ) ) ) ) ) ) |
| Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA; | ) CASE NO. 2:18-cv-459 ) ) ) ) |
| and, | ) ) |
| INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| SSL CONSTRUCTION SERVICES, LLC, | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs **Mark McGriff, Board of Trustees Chairman, and William Nix, Board of Trustees Secretary, on behalf of INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND; Mark McGriff, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; Mark McGriff, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; Mark McGriff, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA;** and, **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS**, by their attorneys, **PAUL T. BERKOWITZ & ASSOCIATES, LTD**., complain of Defendant **SSL CONSTRUCTION SERVICES, LLC**, stating as follows:

## COUNT I

1. This action arises under and jurisdiction resides with this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA") and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145, and is brought by Plaintiffs **Mark McGriff, Board of Trustees Chairman, and William Nix, Board of Trustees Secretary, on behalf of INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND; Mark McGriff, Board of Trustees Chairman, and Greg**

Hauswald, Board of Trustees Secretary on behalf of **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND;  Mark McGriff, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; Mark McGriff, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA** (collectively referred to as the "Trust Funds") in order to judicially enforce the obligations owed, and breached, by Defendant **SSL CONSTRUCTION SERVICES, LLC** ("SSL Construction") to the Plaintiffs Trust Funds. More specifically, Plaintiffs Trust Funds seek to compel Defendant SSL Construction to submit to a payroll audit for the period of January 1, 2017 through June 30, 2018.  Plaintiffs Trust Funds seek to be reimbursed for the costs of the audit and their attorneys' fees and costs incurred as a result of being forced to file the instant civil action.  Additionally, Plaintiffs Trust Funds seek to compel SSL Construction to pay any delinquent contributions which are uncovered by the audit, plus liquidated damages, and interest.

    2.    Plaintiffs Trust Funds are employee benefit funds within the meaning of and subject to ERISA.  Plaintiffs Trust Funds provide benefits for employees working within this judicial district and are, themselves, administered in this judicial district, with the exception of the UBCATF.

3. At all times material herein, SSL Construction has employed employees working within this judicial district.

4. At all times material herein, SSL Construction has been signatory to a collective bargaining agreement with the Indiana/Kentucky/Ohio Regional Council of Carpenters' ("Union") and, as such, is also specifically and expressly bound by the Plaintiffs Trust Funds' Agreements and Declarations of Trust ("Trust Agreements").

5. The Union's collective bargaining agreement and the Trust Agreements by which SSL Construction has agreed to be bound provide, *inter alia*, that field audits of an employer's payroll and related records may be made by the Trust Funds so as to insure that the appropriate employer contributions are made to the Funds, that liquidated damages and interest fees are charged to any contribution which is not paid in a timely fashion and that the Funds' costs (attorneys' fees, etc.) incurred in enforcing the audit requirement and/or in collecting delinquent contributions, interest and liquidated damages are paid by the contractor refusing to make such payment and/or permit the audit.

6. Despite Plaintiffs Trust Funds' requests, SSL Construction has failed to permit Plaintiffs Trust Funds' designated field auditor to review SSL Construction' payroll books and related records.

7. Plaintiffs have satisfied all statutory prerequisites as set forth in 29 U.S.C. §1132(h).

WHEREFORE, Plaintiffs pray that this Court order that:

1. SSL Construction make available to the Plaintiffs Trust Funds' auditors the following records for the period of January 1, 2017 through June 30, 2018: (a) Master list of all employees, regardless of craft or occupation, showing employees' social security number(s) and craft (occupation or trade); (b) Calendar year-to-date summary showing regular, overtime and

double time hours with corresponding earnings; (c) quarter-to-date summary showing regular, overtime and double time hours with corresponding earnings; (d) quarterly Federal 941's and State UC's (Workforce Development Contribution Reports); (e) W-2's with W-3, 1099's with 1096; (f) Corporate or Individual tax form (1120, 1120S, 1040, or 1065) dependent on company's tax status; (g) job site list, showing city and state; (h) chart of accounts, and detail from the General Ledger for outside labor, casual labor, or subcontractors; (i) subcontractor listings showing names, dates and amounts, with job location and work performed; (j) time cards or time sheets; (k) check registers (cash disbursements); (l) contribution reports for all jurisdictions; and, (m) any such other financial records as are required by the auditors in order to determine the amount of contributions and deductions owed to the Plaintiffs Trust Funds by SSL Construction.

  **2.**  Within a reasonable time after completion of the inspection of all payroll books and records of SSL Construction, Plaintiffs Trust Funds shall file with the Court, and serve upon SSL Construction, an itemized statement of all delinquent contributions, deductions, interest, liquidated damages, late fees and audit costs Plaintiffs claim SSL Construction owes them. Absent objection, within fifteen (15) business days of service upon SSL Construction, the Court shall enter final judgment in favor of the Plaintiffs Trust Funds and against SSL Construction in the amount requested. In the event of an objection, the Court will determine the need for a further hearing;

  **3.**  SSL Construction pay statutory post-judgment interest on all delinquent contributions and deductions found due, herein;

  **4.**  SSL Construction pay Plaintiffs Trust Funds' attorneys' fees and costs; and,

  **5.**  Such other relief that this Court may find proper be entered against SSL Construction.

## COUNT II

**1**.     Plaintiff **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** ("Union") is a labor organization whose duly authorized officers and/or agents are engaged in representing and/or acting for members within this judicial district.

**2**.     At all times material herein, Defendant **SSL CONSTRUCTION SERVICES, LLC** ("SSL Construction") has been engaged in an industry affecting interstate commerce and employing individuals working within this judicial district.

**3**.     This Court has jurisdiction of this action pursuant to Section 301 of the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185 ("LMRA").

**4.**     At all times material herein, SSL Construction has been a signatory to a collective bargaining agreement with the Union.  Included among the contractual obligations between the parties is the requirement that SSL Construction make certain payroll deductions and contributions to the Union (other than those identified in Count I) ("deductions").  Additionally, said collective bargaining agreement provides that the Union's costs (attorneys' fees, etc.) incurred in enforcing the payroll audit requirement and/or in collecting delinquent payroll deductions and interest are to be paid by the contractor refusing to make such payment and/or permit the audit.

**5.**     SSL Construction is in breach of its contractual obligations to the Union by failing to permit an audit of its payroll books and records so that it can be determined whether SSL Construction has made the proper payments and done so on a timely basis for the period of January 1, 2017 through June 30, 2018.

WHEREFORE, Plaintiff Union prays that this Court order that:

**1.**     SSL Construction pay the delinquent deductions, interest and liquidated damages, if any, found due to Plaintiff Union for the period of January 1, 2017 through June 30, 2018;

  **2.**  SSL Construction pay statutory post-judgment interest on all delinquent deductions, as found due by this order;

  **3.**  SSL Construction pay Plaintiff's attorneys' fees and costs; and,

  **4.**  Such other relief that this Court may find proper be entered against SSL Construction.

    Respectfully submitted,

    **PAUL T. BERKOWITZ & ASSOCIATES, LTD.**

    By   /s/ Paul T. Berkowitz
      **PLAINTIFFS' ATTORNEYS**

PAUL T. BERKOWITZ & ASSOCIATES, LTD.
123 West Madison Street, Suite 600
Chicago, Illinois  60602
P: (312) 419-0001
F: (312) 419-0002
E: paul@ptblaw.com
Attorney ID #19025-49